Lonnie Washburn
1925 W North Temple G319
Salt Lake City, UT 84116
Phone | (801) 548-6884
collinlongshaks@gmail.com

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| LONNIE WASHBURN, | Case No.: 2:23-cv-00446 |
| Plaintiff, | |
| vs. | Judge: Cecilia M. Romero |
| MESQUITE GAMING, LLC | |
| Defendant | FIRST AMENDED COMPLAINT |

Pursuant to FRCP Rule 15 (a) (1), Lonnie Washburn, Plaintiff in the above-captioned case respectfully submits this First Amended Complaint to the Complaint filed on 07/13/2023.

BRIEF HISTORY

1.  Plaintiff Lonnie Washburn filed an enforcement action in U.S. District Court for the District of Utah against Mesquite Gaming, LLC on 07/13/2023.  Plaintiff alleges that from 06/20/2023 through 06,26/2023 Defendants, Mesquite Gaming, LLC violated the Plaintiff/s civil rights, Title III of the Americans with Disability Act, and Nevada Revised Statutes 651.070, 651.075, 644A.940, 651.080 by intentionally discriminating against, interfering with Plaintiff's exercising of his rights, and Depriving the Plaintiff of his rights granted by the ADA and NRS stated previously in this paragraph, all based on Plaintiff's disability and the Plaintiff's accompaniment of a  service animal.

Plaintiff also alleges:

COUNTS I AND II:  Intentional Discrimination

2.  Additionally, the Plaintiff restates and realleges, as if fully incorporated herein, each and every allegation in its Complaint, including paragraphs 1-43 of the Plaintiff's affidavit of Support, Declaration of Lonnie Washburn, and, and hereby incorporates and realleges all facts

FIRST AMENDED COMPLAINT - 1

and allegations contained therein as part of this Claim, as if fully written out and contained herein, and adds the following:

3. The Defendant's express policies discriminate against the Plaintiff and others with disabilities who are accompanied by a service animal and violate their civil rights of equal access to public accommodation.

4. The Defendant's express policies lump all disabled guests who are accompanied by a service animal into one group and treated as pets.

5. The Service Animal group is then segregated in a single building apart from accommodations available to those without a service animal.

COUNT III:  ADA Title III Denied Equal Access-Intentional

6. Additionally, the Plaintiff restates and realleges, as if fully incorporated herein, each and were allegation in its Complaint, including paragraphs 1-43 of the Plaintiff's affidavit of Support, Declaration of Lonnie Washburn, and, and hereby incorporates and realleges all facts and allegations contained therein as part of this Claim, as if fully written out and contained herein, and adds the following:

7. On 06/21/2023 around 11:30am, after having been informed of the dog's status as a service animal, the Defendant's agents knowingly and willfully violated Plaintiff's civil rights granted in Title III of, the Americans with Disabilities Act, and Nevada Revised Statutes 651.075, NRS 651.070, NRS 644A.940, and Nevada criminal code 651.080, a misdemeanor, with Gross Indifference by using hotel security to force the Plaintiff from the public area, thereby denying the Plaintiff equal access to that area that is available to all other guests; simply because the Plaintiff was accompanied by a service animal.

COUNT IV:  Deprivation of and Interference with Rights Granted by Law

8. Additionally, the Plaintiff restates and realleges, as if fully incorporated herein, each and were allegation in its Complaint, including paragraphs 1-43 of the Plaintiff's affidavit of Support,

FIRST AMENDED COMPLAINT - 2

Declaration of Lonnie Washburn, and, and hereby incorporates and realleges all facts and allegations contained therein as part of this Claim, as if fully written out and contained herein, and adds the following:

9. On 06/21/2023 Defendants violated NRS 651.080 when they attempted to deprive, then did deprive the Plaintiff of the specific civil rights granted in NRS 651.070, 651.075

COUNST V-VIII:  ADA Title III Compliance on Violations  and  NRS 651.080

10. Additionally, the Plaintiff restates and realleges, as if fully incorporated herein, each and were allegation in its Complaint, including paragraphs 1-43 of the Plaintiff's affidavit of Support, Declaration of Lonnie Washburn, and, and hereby incorporates and realleges all facts and allegations contained therein as part of this Claim, as if fully written out and contained herein, and adds the following:

11. On or about 06/21/2023, Plaintiff received a telephone call from Dick Tomasso, Head of Security for Mesquite Gaming, LLC. During that call Mr. Tomasso asked the Plaintiff what breed of dog the Plaintiff's Service animal is, what its certifications are, and he asked what the Plaintiffs' disability is.

12. Plaintiff told Mr. Tomasso that he is not allowed to ask those questions.

13. On 06/26/2023 Mr. Tomasso sent the Plaintiff an email, in which Mr. Tomasso again inquired into the dog's certification, and asked the Plaintiff for the Plaintiff's medical records.

14. Plaintiff alleges Defendant violated Title III of the ADA four times over two occasions, two of which were intentional as Mr. Tomasso had been told asking those questions violated the ADA.

15. Plaintiff alleges that the Defendant's agents acted with Gross Indifference on multiple occasions and never made any effort to correct the problems though given three occasions to do so.

FIRST AMENDED COMPLAINT - 3

16. On 06/21/2023 the Defendant violated the Plaintiff's civil rights, the ADA, and Nevada Revised Statute 651.075 when responding to Plaintiff's complaint to hotel management, Dick Tomasso, Head of Security for Mesquite Gaming, LLC, called the Plaintiff and asked for the breed of the dog, the dog's service animal certification, and the Plaintiff's medical records.

17. On a telephone call with Mr. Tomasso on 06/21/2023, Plaintiff informed Mr. Tomasso that he was not allowed to ask for that information.

COUNT VI:  ADA Violation-Willful Disregard

18. On 06/26/2023 the Defendant knowingly and willfully violated the Plaintiff's civil rights, the Americans with Disabilities Act, and Nevada Revised Statute 651.075 when Mr. Tomasso sent the Plaintiff an email asking for the dog's certification, and the Plaintiff's medical records.

19. As a direct result of the actions of the Defendants and the Defendant's agents, and the Defendant's employees, which are alleged in this document and in the Plaintiff's Affidavit of Support, the Plaintiff suffered damages; to be fully determined at trial, but not less than $300,000.00

19, Both the ADA and Nevada state statutes provide for a private right of action, which includes recovery of legal costs and attorney's fees.

20. NRS 651.090 provides for the recovery of compensatory damages, equitable relief, court costs, and reasonable attorney's fees.

CONCLUSION

21. Plaintiff asks this Court for relief in the form of compensatory damages allowed under Nevada law, legal and attorney's fees  as appropriate, and a Court Order in the form of a Permanent Injunction that prohibits Mesquite Gaming, LLC and its properties from excluding service animals from all public areas, prohibits the Defendant and its properties from

FIRST AMENDED COMPLAINT - 4

segregating guests with service animals to any particular room accommodations, requiring Defendant to stop inquiring about service animals prior to assigning a room, requiring he Defendant to train all employees in the Americans with Disabilities Act, and any further relief the court finds equitable.

Under Penalty of Perjury, I swear that the above information is true and correct to the best of my knowledge and belief.

First Amended Complaint

Dated this 7th day of August, 2023.

_____

Lonnie Washburn
Attorney Pro Se
1925 W North Temple G319
Salt Lake City, UT 85116
Tel,: (801) 548-6884
collinlongshanks@gmail.com

FIRST AMENDED COMPLAINT - 5